**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-8000

Misc 01-363

IN RE: KEITH RUSSELL JUDD,
                    Respondent

RECEIVED

Original Proceeding

JUL 2 3 2007

AT 8:30_____M
WILLIAM T. WALSH
CLERK

Before: RENDELL, FISHER and VAN ANTWERPEN, Circuit Judges

(Filed: July 20, 2007)

MEMORANDUM OPINION

PER CURIAM

As a result of his abuse of the judicial process, Keith Russell Judd, a federal prisoner formerly incarcerated in this Circuit, was enjoined from filing any appeal, petition, application or motion in this Court relating to his New Mexico state convictions or his federal conviction in the Western District of Texas without first filing a certification requesting leave to file the submission. In re: Judd, 3rd Cir. Misc. No. 05-8000, Order (March 4, 2005). In the certification, Mr. Judd is required to certify that: (1) the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court; (2) he believes the facts alleged in his action to be true; and (3) he knows of no reason to believe his claims are foreclosed by controlling

law. Id. The order also cautioned Mr. Judd that the failure to file certifications, or the filing of a false certification may result in him being found in contempt and punished.[1]

I

Currently before the Court are certifications seeking leave to file appeals from decisions entered in two cases by the United States District Court for the Middle District of Pennsylvania. Authorization to file those appeals will be denied.

In Judd v. Hogsten, M.D. Pa. No. 05-cv-1198, Mr. Judd has filed two Requests for Authorization to Proceed on a Timely Filed Notice of Appeal. These requests dated February 26, 2007 and March 5, 2007.[2] The decision which Mr. Judd seeks to appeal

---

[1] The March 4, 2005 order noted that Mr. Judd had filed at least 70 frivolous, duplicative and repetitive actions in this Court. By the time that the clerk issued the order Mr. Judd had filed approximately 82 different actions in this Court.

While not precluded by the March 4, 2005 injunction, Mr. Judd has continued to file numerous matters in the United States District Court for the Middle District of Pennsylvania. He has also made filings in other courts within the Circuit concerning his sentences and incarceration, including some in districts in which he has no contacts whatsoever. See, e.g., Judd v. United States, E.D. Pa. No. 05-cv-1305 (habeas corpus petition filed March 21, 2005) and Judd v. United States, D.V.I. No. 01-cv-09 (Division of St. Thomas and St. John) (motion filed March 10, 2005 for relief from judgment denying a 28 U.S.C. § 2255 motion) and, Judd v. United States, D. Del. No. 00-cv-181 (motion for relief from denial of 28 U.S.C. 2255 motion filed March 8, 2005).

Mr. Judd has also been subject to filing restrictions in the Supreme Court and other circuits. See, e.g., Judd v. United States District Court for the Western District of Texas, 183 Fed. Appx. 970 (Fed.Cir. 2006) (in which his efforts to avoid some of those filing restrictions, including the restrictions imposed by this court, are chronicled).

[2] The first certification was filed only after the clerk advised Mr. Judd by letters dated November 22, 2006, December 28, 2006, and February 9, 2007, that no action would be taken in regard to his notice of appeal since he had failed to comply with the

2

concerns a request for reduction of his sentence made pursuant to 28 U.S.C. § 2241 so that he could complete his sentence in a community corrections facility in order to receive mental health treatment.

In Judd v. United States, M.D. Pa. No. 06-cv-1011, Mr Judd has filed a Request for Authorization seeking to appeal a decision denying a writ of mandamus directed to the Federal Bureau of Investigation requiring action in regard to a criminal complaint sent to that agency concerning the manner in which the Bureau of Prisons has calculated the length of Mr. Judd's sentence. He claims that this issue has never been raised or decided. However, a prior certification seeking to file an appeal in that case was denied by order entered June 30, 2006.

In the certification filed in Judd v. United States, M.D. Pa. No. 06-cv-1011, Mr. Judd avers that the issue has "no connection" to his criminal convictions. This statement is clearly untrue since the petition concerns the sentences imposed in regard to the criminal convictions which were the subject of the March 4, 2005 order.

It cannot be said that the certifications filed in either of these two cases concern issues which have not been previously decided. Whatever the pretense under which the submissions have presented to the District Court, they are ultimately challenges to the imposition and implementation of his sentences. The propriety of those sentences and the manner in which they have been calculated are issues which Mr. Judd has litigated, or

---

requirements of the March 4, 2005 injunction.

attempted to litigate, time and time again. Therefore, the certifications cannot properly aver that these issues, in whatever guise presented, have not been previously considered and decided.

II

The court's injunction has also not deterred Mr. Judd from filing notices of appeal unaccompanied by the required certifications. Based upon letters sent by the clerk, it appears that notices of appeal unaccompanied by the required certifications were filed in the following cases: Judd v. Apker, M.D. Pa. 04-cv-585 (clerk's letter to district court clerk dated March 10, 2006, advising that "amended" notice of appeal would not be filed) (habeas corpus petition); Judd v. United States, D.N.J. 05-cv-2442 (clerk's letter to district court clerk dated March 8, 2006, advising that notice of appeal would not be filed) (28 U.S.C. § 2255 motion); Judd v. Ferguson, D.N.J. 01-cv-4217 (clerk's letters to district court clerk dated March 6, 2006 and March 20, 2006, advising "amended" notice of appeal would not be filed) (civil rights action against sentencing judge in which motion to construe action as habeas corpus petition filed); Judd v. United States, M.D. Pa. No. 04-cv-1481 (clerk's letter to district court clerk dated March 20, 2006, advising "amended" notice of appeal would not be filed) (habeas corpus petition); Judd v. United States, D. Del. No. 00-cv-181 (clerk's letters to district court clerk dated May 6, 2005 and March 21, 2006, advising that a notice of appeal and "amended" notice of appeal would not be filed) (mandamus petition construed as 28 U.S.C. § 2255 motion); Judd v. United States, D.N.J. No. 01-cv-24 (clerk's letter to district court clerk dated April 4, 2006,

advising that "amemded" notice of appeal would not be filed) (28 U.S.C. § 2255 motion); Judd v. Hogsten, M.D. Pa. No. 05-cv-1198 (clerk's letters to district court clerk dated November 22, 2006, December 28, 2006, and February 9, 2007, advising that notice of appeal would not be filed) (habeas corpus petition); Judd v. United States, M.D. Pa. 06-cv-1011 (clerk's letter to clerk of district court dated November 22, 2006, advising that notice of appeal would not be filed), Judd v. Administrative Office, United States Courts, M.D. Pa. 06-cv-1223 (clerk's letter to clerk of district court dated November 22, 2006, advising that notice of appeal would not be filed) (tort claim action seeking, *inter alia*, alleged damages resulting from sentencing) and Judd v. Miner, M.D. Pa. No. 06-cv-1513 (clerk's letter to clerk of district court dated November 22, 2006, advising that notices of appeal would not be filed) (habeas corpus petition).[3]

### III

Mr. Judd's continuing failure to comply with the terms of the March 4, 2005 injunction has placed significant burdens on the limited resources of the clerk of this court as well as the clerks of the district courts and on the court itself and cannot be permitted to continue. In the absence of the filing of the required certifications, the filing of notices of appeal serves no purpose except to expend judicial resources which could be better utilized elsewhere.

---

[3] In at least one case, Judd v. United States, D.N.J. No. 01-cv-24, Mr. Judd attempted to file a notice of appeal even though no appealable order had been entered.

Likewise, Mr. Judd's lack of truthfulness or candor in the certifications which have been filed cannot be countenanced.

Accordingly, we find Mr. Judd to be in contempt of this court and will fine him $750.00 as a sanction for that contempt. Should there be further violations of the court's injunction or lack of truthfulness in certifications filed pursuant to the March 4, 2005 injunction, progressively stronger sanctions will be imposed.

In a case in the Fifth Circuit imposing monetary sanctions against Mr. Judd for failing to comply with filing restrictions, the Court ordered, "The clerk of this court and the clerks of all the district courts within this Circuit are hereby DIRECTED to refuse to file any action, appeal, motion, or pleading by Judd unless Judd submits proof of the satisfaction of his monetary sanctions." Judd v. Winn, 81 Fed. Appx. 479, 480 (5th Cir. 2003). We will impose a similar restriction on Mr. Judd's ability to file any type of complaints, motions, pleadings, amendments, appeals, petitions, applications or any other type of action or filings in the courts of this Circuit until such time that the monetary sanction for his contempt has been paid.